IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JONATHAN BOLLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:11CV427–HEH |
| | ) |
| VIRGINIA BOARD OF BAR EXAMINERS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
### (Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6))

Plaintiff Jonathan Bolls is before the United States District Court for the Eastern District of Virginia once again seeking relief for the failure of the Virginia Board of Bar Examiners to provide him with his answers to the July 2008 Virginia Bar Examination, which he failed to pass. As the Virginia Board of Bar Examiners (the "Board") points out, Plaintiff's grievance, in one form or another, has been previously reviewed by the Circuit Court of Fairfax County, Virginia, the Supreme Court of Virginia, the Supreme Court of the United States, the United States District Court for the Eastern District of Virginia, and the United States Court of Appeals for the Fourth Circuit. Plaintiff distinguishes the immediate lawsuit from the ones previously filed by characterizing it as a facial, rather than as applied, challenge. He contends that he is no longer seeking individual relief, but

> is merely acting in the capacity of a concerned citizen of Virginia who is willing to prove that a state law and a corresponding state agency policy are outmoded and technically improper given the recent transition to computer-

based testing in Virginia; and they run afoul of the due process clause of the Federal Constitution.

(Pl.'s Mem. Law Opposing Def.'s Mot. to Dismiss, 3–4, ECF No. 6.)

The matter is presently before the Court on the Board's Motion to Dismiss for want of federal jurisdiction and failure to state an actionable claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. Both parties have filed memoranda of law supporting their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. Before turning to a threshold issue of Article III jurisdiction, a review of the litigation history of this case is instructive.

In July of 2008, Plaintiff sat for the Virginia bar examination in the City of Roanoke, Virginia. He was subsequently informed by the Board on October 16, 2008 that he did not pass.[1] Plaintiff then apparently notified the Board that he had encountered a "computer glitch" during the course of the exam and requested a copy of his answers to the essay portion. After an exchange of correspondence, W. Scott Street, III, Secretary-Treasurer of the Board, advised Plaintiff,

> I have written to you three times before. I explained to you previously that after the initial grading, your essay answers were reevaluated by the Board. There is no doubt that you failed the bar exam. You failed not only the essay portion but you also failed the Multistate portion of the bar exam. The results are final. I do not know how to say it more clearly.

---

[1] Plaintiff was further notified on October 21, 2008 that his essay examination papers were regraded by the entire Board prior to the time he received his notice of failure.

(Compl. Ex. 2 at 20, ECF No. 1.) In conclusion, Mr. Street advised, "[i]f you have any complaints about your failure of the Virginia bar examination, you may wish to present those to the Supreme Court of Virginia." *Id.*

Several weeks after receiving Mr. Street's letter, Plaintiff filed what was styled as a Petition for Emergency Injunctive Relief in the Circuit Court of Fairfax County, Virginia. By Order entered March 16, 2006, the Fairfax Circuit Court denied the petition concluding that it was without jurisdiction to review a decision of the Board. "To the extent the Petitioner seeks a mandamus ordering the Board to release his bar exam answers, the Petitioner should invoke the original jurisdiction of the Supreme Court." (Compl. Ex. 2 at 6–7) (citing Va. Const. art. VI, § 1).

The plaintiff next filed a petition in the Supreme Court of Virginia seeking a writ of mandamus directing the Board to release his examination answers. By mandate entered August 11, 2009, the court denied the petition. The Supreme Court of Virginia determined that "the Court is of opinion that mandamus does not lie to compel the performance of a discretionary act." (Compl. Ex. 2 at 4.) Dissatisfied with that court's decision, Plaintiff sought rehearing and urged the Supreme Court of Virginia to set aside its previous judgment. This was likewise denied on September 23, 2009. Plaintiff next sought a writ of certiorari from the United States Supreme Court. His petition was denied on February 22, 2010.

Several months later, Plaintiff shifted his theater of litigation to the United States District Court for the Eastern District of Virginia, Richmond Division. Here, Plaintiff sought declaratory judgment challenging the constitutionality of the procedures and

3

practices of the Board with respect to access to his bar examination results. In his initial filing, Plaintiff maintained there, as in the immediate case, that Virginia Code § 54.1-108(1) is unconstitutional because it vests the Board with unbridled discretion to determine what circumstances warrant disclosure of bar examination answers.[2] Va. Code Ann. § 54.1-108 (2009). Relying on *Woodard v. Virginia Bd. of Bar Examiners*, 598 F.2d 1345 (4th Cir. 1979), the U.S. District Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction. Ten days after the order of dismissal was entered, Plaintiff filed a motion to alter judgment under Fed. R. Civ. P. 59. This motion was also denied. Both orders of the district court were affirmed by the United States Court of Appeals for the Fourth Circuit, by per curiam, entered March 17, 2011. *See Bolls v. Street*, 417 Fed. Appx. 313, 2011 WL 915862 (4th Cir. Mar. 17, 2011).

In the immediate action, Plaintiff essentially seeks the same relief as before, but this time as a public service to all *perspective* Virginia bar applicants who encounter a problem with the functionality of the examination testing software. He maintains that future bar applicants have a due process right to gain access to their examination answers so they may determine whether their failure to pass the bar examination was a result of their personal performance or that of the computer software. Citing scant authority, Plaintiff concludes that access to examination results implicates the type of interests protected by the Due Process Clause of the United States Constitution. He therefore

---

[2] Virginia Code § 54.1-108 delineates specific exemptions from the Virginia Freedom of Information Act for official records of certain regulatory commissions. Va. Code Ann. § 54.1-108 (2009). Section 54.1-108(1) includes "[e]xamination questions, papers, booklets and answer sheets, which may be disclosed at the discretion of the board administering or causing to be administered such examinations." *Id.*

urges this Court to find the underlying statute, namely Virginia Code § 54.1-108(1), to be unconstitutional and to enjoin its enforcement with respect to future bar exam results.

The Board advances a host of procedural and substantive obstacles to the relief Plaintiff seeks. But before turning to the more substantive impediments raised by the Board, this Court must initially determine whether it has the constitutional power to afford Plaintiff the declaratory and injunctive relief he requests. Absent a finding of subject matter jurisdiction, this Court has no adjudicative authority to proceed further. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id.* (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

There is a presumption against the existence of federal court jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied* 503 U.S. 984, 112 S. Ct. 1667 (1992). "[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." *Pineville Real Estate Operation Corp. v. Michael*, 32 F.3d 88, 89 (4th Cir. 1994), *cert. denied*, 513 U.S. 1127, 115 S. Ct. 935 (1995).[3]

---

[3] The court may raise the issue of subject matter jurisdiction on its own, even if the parties fail to do so. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701, 102 S. Ct. 2099 (1982).

It appears from the text of the Complaint that Plaintiff's theory of federal question jurisdiction under 28 U.S.C. § 1331 is anchored to his contention that Virginia Code § 54.1-108(1), which vests the Board with discretion to release bar exam answers, violates an applicant's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. In crafting his complaint, Plaintiff seeks relief on behalf of all future bar applicants and appears to distance himself from the group of individuals directly affected by the statute. Nowhere in his Complaint does he suggest that he intends to take the Virginia bar exam again in the future.

Consequently, aside from the issue of whether Plaintiff's grievance implicates the Due Process Clause, a serious question exists as to whether the Complaint satisfies the case or controversy requirements of Article III, Section 2 of the United States Constitution. Since Plaintiff will suffer no actionable harm as a direct result of the challenged statute, he does not have a sufficient personal interest at stake to prosecute this action. The "irreducible constitutional minimum of standing contains three requirements"—injury in fact, causation and redressability. *Steel Co.*, 523 U.S. at 102, 118 S. Ct. 1016 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992)). In order to satisfy the case or controversy requirement, at minimum, Plaintiff must demonstrate the likelihood of actual or imminent injury, which is neither speculative nor hypothetical. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02, 103 S. Ct. 1660, 1665 (1983); *Lujan*, 504 U.S. at 560–61, 112 S. Ct. at 2136 (1992). Plaintiff fails to do so.

Even if the complaint alleged a justiciable controversy, it fails to present a triable federal question. When reviewing a challenge to a complaint as jurisdictionally deficient on its face, the Court applies the same basic analytical framework employed in considering a Rule 12(b)(6) challenge. *Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986). This analytical format requires the Court, for the purpose of deciding the motion, to accept as true all well-pleaded factual allegations and any reasonable inferences arising therefrom. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, legal conclusions are not afforded the same dignity. Courts are under no obligation to accept conclusory allegations regarding the legal effect of the facts pleaded. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951–52 (2009).

In support of his claim, Plaintiff labors under a misconception of the limitations on a federal court's jurisdiction governing constitutional challenges to its state's general rules and regulations governing admission to the state bar. As the United States Supreme Court reiterated in *Schware v. Bd. of Bar Examiners of New Mexico*, "[a] state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." 353 U.S. 232, 238–39, 77 S. Ct. 752, 756 (1957). By way of further elucidation, however, the Court explained, "officers of a State cannot exclude an applicant when there is no basis for their finding that he fails to meet these standards, or when their action is invidiously discriminatory." 353 U.S. at 239; 77 S. Ct. at 802; *see also Martin-Trigona v. Underwood*, 529 F.2d 33, 35 (7th Cir. 1975).

7

Acknowledging that the admission to practice law in a state and before its courts is primarily a matter of state concern, federal courts have exercised restraint in reviewing non-discriminatory practices and procedures. *See Whitfield v. Illinois Bd. of Law Examiners*, 504 F.2d 474, 477 (7th Cir. 1974). *Doe v. Pringle*, 550 F.2d 596, 597 (10th Cir. 1976) *cert. denied*, 431 U.S. 916, 97 S. Ct. 2179 (1977).

Focusing the lens more closely on Plaintiff's alleged due process violation, federal courts have uniformly rejected claims based upon a state's policy of denying access to bar exam results. Confronted with a similar complaint, the United States Court of Appeals for the Fifth Circuit held that,

> balancing the various interests involved – due process is not offended by a bar-examination procedure that does not allow failing applicants to secure review of a determination that the applicant has failed, 'primarily because an unqualified right to retake the examination at its next regularly scheduled administration both satisfies the purpose of a hearing and affords it protection.'

*Brewer v. Wegmann*, 691 F.2d 216, 217 (5th Cir. 1982) (quoting *Tyler v. Vickery*, 517 F.2d 1089, 1103–05 (5th Cir. 1995)); *see also Chaney v. State Bar of Cal.*, 386 F.2d 962, 964 (9th Cir. 1967).

Bar applicants who have been notified that they have failed the bar examination and who believe that it is attributable to a computer or software glitch have two available statutory options. They can either present their grievance to the Supreme Court of Virginia or, if decided adversely, petition the Supreme Court of the United States for certiorari. *See Woodard*, 598 F.2d at 1345–46. Or, alternatively, they can simply take the bar exam again. *See Whitfield*, 504 F.2d at 478. Post examination access to the bar

examination papers, however, is beyond the process due under the Fifth and Fourteenth Amendments. *Brewer*, 691 F.2d at 217; *Rogers v. Supreme Court of* Virginia, No. 84-1746, August 22, 1985 p.5. Lastly, even if the Complaint in this case satisfies the requirements for subject matter jurisdiction, it fails to survive a challenge under Fed. R. Civ. P. 12(b)(6). Taking all the factual allegations in the light most favorable to Plaintiff, it still fails to demonstrate a viable due process claim.

For the foregoing reasons, the Virginia Board of Bar Examiner's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) will be granted.

An appropriate Order will accompany this Memorandum Opinion.

                                         /s/
                               Henry E. Hudson
                               United States District Judge

Date: Sept. 14, 2011
Richmond, VA